IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-03085-01-CR-S-MDH |
| ) | |
| PAUL KERN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Pro Se Motion for Early Termination of Supervised Release. (Doc. 41). For the reasons set forth in this Order, the Court denies Defendant's motion. In October 20, 2014, Defendant pleaded guilty to possession of child pornography pursuant to a written plea agreement. (Doc. 44). On April 29, 2015, Defendant was sentenced to a sentence of 24-months' imprisonment, followed by the mandatory minimum 5-year term of supervised release. *Id*. Defendant was released from prison on July 8, 2016. *Id*.

After four years of supervised release, Defendant requests that this Court terminate his supervised release. To this point, Defendant has complied with the conditions of supervision, maintained employment, and resides in a stable home. Both the Government and the United States Probation Office oppose Defendant's request. (Docs. 42, 44).

The Court has broad discretion in determining whether to terminate a term of supervised release. *United States v. Mosby*, 719 F.3d 925, 930-31 (8th Cir. 2013). Section 3583(e)(1) of Title 18 of the United States Code directs a court to consider the nature of the offense and the offender's history, as well as public safety and deterrence. The Court may discharge an offender from

1

supervised release "if it is satisfied that such action is warranted by the conduct of the defendant release and the interest of justice." 18 U.S.C. § 3583(e)(1).

The Court is not satisfied that early termination is warranted in this case. "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Defendant's "compliance with all conditions of supervised release . . . is commendable, [but] that is what is required [of] all criminal defendants and is not a basis for early termination of his supervised release." *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005). Defendant has acted exactly as he is required to act. In light of Defendant's conviction and criminal history, the Court is not satisfied that simply doing what is expected and required justifies early termination of Defendant's supervised release.

Therefore, the Court hereby **DENIES** Defendant's Pro Se Motion for Early Termination of Supervised Release. (Doc. 41).

**IT IS SO ORDERED.**

Dated: December 15, 2020

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**